# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/29/2020
CT Log Number 537604376

TO: Nichole Hilt, Administrative Assistant
ABBOTT LABORATORIES
Litigation AP6A/033C, 100 Abbott Park Road
Abbott Legal Division
Abbott Park, IL 60064

RE: **Process Served in California**

FOR: Abbott Laboratories  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KIP THENO, etc., Pltf. vs. ABBOTT LABORATORIES, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV08597 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/29/2020 at 11:21 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/29/2020, Expected Purge Date: 05/04/2020<br><br>Image SOP<br><br>Email Notification,  Nichole Hilt  nichole.hilt@abbott.com<br><br>Email Notification,  MARTA GUTIERREZ  marta.gutierrez1@abbott.com<br><br>Email Notification,  DANIELLE BARBERIS  danielle.barberis@abbott.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2020 04:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
20STCV08597

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ABBOTT LABORATORIES, a Illinois Corporation; ST. JUDE MEDICAL S.C., INC., a Minnesota Corporation; ST. JUDE MEDICAL, INC., a Minnesota Corporation; FRANK FERNANDEZ, an individual; KEITH BOETTIGER, an individual; JESSICA CLINE an individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KIP THENO, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court - Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV08597 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| Lauren Mayo-Abrams, LAW OFFICES OF LAUREN ABRAMS<br>301 N. Canon Drive, Suite 220, Beverly Hills, CA 90210 | Telephone No.: (310) 205-2020<br>Fax No.: (310) 205-2022 |
|---|---|

| DATE:<br>*(Fecha)*  02/28/2020 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court , Deputy<br>*(Secretario)*  N. Alvarez  *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  **Abbott Laboratories, a Illinois Corporation**

    under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

Case 2:20-cv-04765-DMG-PVC   Document 1-1   Filed 05/28/20   Page 4 of 51   Page ID #:25
Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2020 04:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
20STCV08597

Assigned for all purposes to: Stanley Mosk Courthouse. Judicial Officer: Lia Martin

LAW OFFICES OF LAUREN ABRAMS
Lauren Mayo-Abrams, State Bar No. 193315
*lauren@employeerightslaw.com*
Steven R. Diaz, State Bar No. 278666
*steven@employeerightslaw.com*
Patricia Lynne Mitchell, State Bar No. 216224
*patti@employeerightslaw.com*
301 N. Canon Drive, Suite 220
Beverly Hills, CA 90210
Telephone: (310) 205-2020
Facsimile: (310) 205-2022

Attorneys for Plaintiff
KIP THENO

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020 Fax: 310.205.2022

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

20STCV08597

| | |
|---|---|
| KIP THENO, an individual, | CASE NO: |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | 1. RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5.; |
| | 2. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| ABBOTT LABORATORIES, a Illinois Corporation; ST. JUDE MEDICAL S.C., INC., a Minnesota Corporation; ST. JUDE MEDICAL, INC., a Minnesota Corporation; FRANK FERNANDEZ, an individual; KEITH BOETTIGER, an individual; JESSICA CLINE an individual; and DOES 1 through 50, inclusive, | 3. UNFAIR BUSINESS PRACTICES (Cal. Bus. & Prof. Code § 17200 *et seq.*) |
| | 4. WAITING TIME PENALTIES. (Labor Code § 203.) |
| | 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |
| | 6. DEFAMATION. |
| Defendants. | **JURY TRIAL DEMANDED** |

1

**COMPLAINT FOR DAMAGES**

## GENERAL ALLEGATIONS

1.     Plaintiff Kip Theno ("Plaintiff") is an individual residing in Los Angeles County, California.  Plaintiff is a former employee of Defendants ABBOTT LABORATORIES, ST. JUDE MEDICAL, INC. and ST. JUDE MEDICAL S.C., INC. ("Employer Defendants"). Plaintiff was employed by Employer Defendants as the Area Vice President - West working in Los Angeles County, California.

2.     Plaintiff is informed and believes and thereupon alleges that, at all times material to this Complaint, Defendant ABBOTT LABORATORIES ("ABBOTT") is a Illinois Corporation with a its principal place of business located at 100 Abbott Park Road, Abbott Park, IL, 60064-3500 with offices in and around Los Angeles, California. At all times relevant herein Defendant ABBOTT was a joint employer who had control over Plaintiff's work. Defendant ABBOTT employs more than five persons and is an employer as defined in the California Fair Employment and Housing Act ("FEHA").

3.     Plaintiff is informed and believes and thereupon alleges that ST. JUDE MEDICAL, INC. ("SJM") is a Minnesota Corporation, with its principal place of business located in St. Paul, MN with offices in and around Los Angeles, California.  At all times relevant herein Defendant was a joint employer who had control over Plaintiff's work. Defendant SJM employs more than five persons and is an employer as defined in the California Fair Employment and Housing Act ("FEHA").

4.     Plaintiff is informed and believes and thereupon alleges that, at all times material to this Complaint, Defendant ST. JUDE MEDICAL S.C., INC. ("SJMSC") is a Minnesota Corporation with its principal place of business located in Austin, TX and with offices in and around Los Angeles, California.  At all times relevant herein Defendant SJMSC was a joint employer who had control over Plaintiff's work. Defendant SJMSC employs more than five persons and is an employer as defined in the California Fair Employment and Housing Act.

5.     Plaintiff is informed and believes that Defendant FRANK FERNANDEZ (Defendant Fernandez) is an individual residing in Miami, Florida. At all relevant times herein mentioned Defendant Fernandez was the Division Vice President at ABBOTT, as well as

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020  Fax: 310.205.2022

1 | Plaintiff's direct supervisor.

2 | 6. Plaintiff is informed and believes that Defendant KEITH BOETTIGER

3 | (Defendant Boettiger) is an individual residing in Austin, Texas. At all relevant times herein

4 | mentioned Defendant BOETTIGER was the President of ABBOTT's Neuromodulation

5 | Department and was acting as Defendant FERNANDEZ's supervisor.

6 | 7. Plaintiff is informed and believes that Defendant JESSICA CLINE (Defendant

7 | CLINE) is an individual residing in Los Angeles, California. At all relevant times herein

8 | mentioned Defendant Cline was the Executive Assistant to Defendant Boettiger and was

9 | responsible for issuing orders from Defendant BOETTIGER to Employer Defendants'

10 | employees.

11 | 8. Venue is proper in Los Angeles County because Plaintiff worked for the

12 | Employer Defendants in Los Angeles County, because Plaintiff's causes of action arise from

13 | occurrences that transpired or had culminating effects in Los Angeles County, and because

14 | Defendants reside and/or conduct significant business in Los Angeles County and California.

15 | 9. Plaintiff sues fictitious Defendants DOES 1 through 50, inclusive, pursuant to

16 | California Code of Civil Procedure Section 474 because Plaintiff does not know their true names

17 | and/or capacities, and upon ascertainment, will amend this Complaint with their true names and

18 | capacities. Plaintiff is informed and believes and on that basis alleges that each of said

19 | fictitiously named Defendants is responsible in some manner for the occurrences herein alleged,

20 | and that Plaintiff's damages were proximately caused by their conduct.

21 | 10. Plaintiff is informed and believes and thereupon alleges that each Defendant,

22 | including DOES 1 through 50, acted in all respects pertinent to this action as the agent of the

23 | other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent

24 | hereto, and the acts of each of the Defendants are legally attributable to the other Defendants.

25 | 11. Plaintiff is informed and believes and on that basis alleges that at all times

26 | mentioned herein, each of the individual Defendants, including DOES 1 through 50, was in part

27 | acting within the course and scope of his or her employment and was, at least in part, serving a

28 | purpose of his or her own in carrying out the above conduct against the Plaintiff and in so doing

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020 Fax: 310.205.2022

3

**COMPLAINT FOR DAMAGES**

1 || was motivated by malice and ill will toward Plaintiff.

2 ||     12.    Plaintiff is informed and believes and on that basis alleges that at all times

3 || mentioned herein, each of the Defendants, including DOES 1 through 50, was acting in the

4 || employ of the other Defendants, and that said conduct was authorized and ratified by each of said

5 || Defendants and its principals.

6 || **FACTS**

7 ||     13.    Plaintiff repleads, realleges and incorporates by reference each and every

8 || allegation set forth in this Complaint.

9 ||     14.    Plaintiff is a forty-eight-year-old male who has worked in medical device sales for

10 || over twenty years. He is particularly skilled and experienced with nueromodulation, leadership

11 || and medical devices.

12 ||     15.    Neuromodulation is technology that acts directly upon nerves. It is the alteration,

13 || or modulation, of nerve activity by delivering electrical or pharmaceutical agents directly to a

14 || target area. Neuromodulation devices are implanted into a patient's body.

15 ||     16.    Plaintiff began working for Employer Defendants in or around September 2018 as

16 || Area Vice President - West ("AVP"). Plaintiff was recruited to this position by Ryan Walters,

17 || Employer Defendants' Division Vice President and Defendant BOETTIGER. Plaintiff was

18 || recruited based on his experience, performance and ability to build, rebuild teams and execution

19 || of sales goals. In this role, Plaintiff was responsible for directing, managing and overseeing

20 || Employer Defendant's neuromodulation sales in the Western United States.

21 ||     17.    Plaintiff excelled as AVP. He and his sales team were consistently top sales

22 || performers across the Employer Defendants' U.S. Areas, and Plaintiff's Western District was

23 || often the top-performing region.

24 ||     18.    During Plaintiff's employment, Ryan Walters was replaced as Plaintiff's

25 || supervisor by Defendant FERNANDEZ. Defendant FERNANDEZ and his direct superior,

26 || Defendant BOETTIGER, were responsible for overseeing all neuromodulation sales for

27 || Employer Defendants.

28 ||     19.    Plaintiff is informed and believes and thereon alleges that Employer Defendants

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020 Fax: 310.205.2022

4
**COMPLAINT FOR DAMAGES**

were in intense competition with several other medical device neuromodulation companies to market and sell their neuromodulation devices. Because of this, Defendants FERNANDEZ and BOETTIGER were fiercely marketing Employer Defendant's nueromodulation devices.

20.     In or around February 2019, as part of the plan to increase sales, Defendants BOETTIGER and FERNANDEZ instructed Plaintiff and AVPs for other Areas to directly contact patients who had undergone testing for neuromodulation devices in an effort to "speed up the process." This involved giving the patients information and instruction during the device approval process to ensure maximum efficiency and speed.

21.     As part of this plan, Defendant FERNANDEZ ordered AVPs to obtain and use certain personal information belonging to the patients.  This was done by giving Plaintiff and others a code, to unlock the documents with the patient information and send out. At the same time this information could not be given to the representatives contacting the patients. The goal was to speed up and influence the patient to obtain the implant, or "to ensure they go to surgery."

22.     Plaintiff recognized that the patient information he and the other AVPs were given was protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and that competitors or sales persons could improperly gain access to this information through Defendants' initiative.  Plaintiff was immediately concerned about the "plan" that the representatives were supposedly excluded from getting patient information, which in reality was not possible.  Plaintiff believed, and still believes, that the access to this information constituted a HIPAA violation.

23.     Plaintiff reported his concerns about the HIPAA violations to Defendant FERNANDEZ and Spencer Elder, the ABBOTT employee responsible for giving the orders of the plan from Defendant BOETTIGER.  On the evening the plan was sent out Plaintiff made multiple calls to Defendant FERNANDEZ and Spencer Elder where he refused to participate in the plan and he voiced his concerns regarding the lack of written regulatory or compliance permission and review.  Plaintiff asked Mr. Elder and Defendant FERNANDEZ if the initiative had been vetted for HIPAA compliance through ABBOTT'S legal department. Defendant FERNANDEZ refused to answer Plaintiff's question, and again ordered Plaintiff to go forward

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020  Fax: 310.205.2022

5

**COMPLAINT FOR DAMAGES**

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020 Fax: 310.205.2022

1   with the plan, stating "just f***ing do it."

2       24.     After Plaintiff complained further and refused to participate, Defendant

3   FERNANDEZ and another employee Spencer Elder informed Plaintiff that the initiative had

4   been vetted by the legal department for HIPAA compliance.  After this, though still concerned

5   about the serious privacy implications of the patient information, Plaintiff went forward with the

6   initiative.  Plaintiff went forward with the plan out of pressure, fear, and intimidation by

7   Defendants FERNANDEZ & BOETTIGER as well as others at ABBOTT.

8       25.     Thereafter, Defendant FERNANDEZ immediately started a campaign of

9   retaliation against Plaintiff.

10      26.     Defendant FERNANDEZ began to treat Plaintiff in a negative and disrespectful

11  manner, including ignoring Plaintiff, refusing to communicate directly with him, and being

12  hostile toward him during meetings and in front of coworkers.

13      27.     Defendant FERNANDEZ told Employer Defendants' employees that Plaintiff was

14  not competent in his job and that he was not trustworthy, or words to that effect. Additionally,

15  Defendants CLINE and BOETTIGER told Employer Defendants' employees that Plaintiff was

16  not competent in his performance and actively campaigned to discredit him with his own sales

17  team and other employees.

18      28.     During sales meetings Defendant FERNANDEZ would praise other AVPs and

19  intentionally skip over Plaintiff, even though Plaintiff's sales numbers were higher than those

20  being praised.

21      29.     Plaintiff continued to perform well despite Defendant FERNANDEZ's

22  mistreatment. Notwithstanding, Defendant FERNANDEZ placed Plaintiff on a Performance

23  Improvement Plan ("PIP") in or around the summer of 2019.

24      30.     Defendant FERNANDEZ designed Plaintiff's PIP to ensure the termination of

25  Plaintiff's employment. The PIP had no specific goals Plaintiff could achieve to "complete" the

26  plan. Further, at the time Defendant FERNANDEZ issued the PIP, he offered to give Plaintiff a

27  good recommendation if he would just resign.

28      31.     At time Plaintiff  was placed on the PIP, Defendants FERNANDEZ and

6

**COMPLAINT FOR DAMAGES**

1  BOETTIGER had already selected a candidate to replace Plaintiff as the AVP-West. Defendant

2  FERNANDEZ openly bragged to other AVPs that no one survived a PIP from him.

3       32.     When Plaintiff ultimately questioned why Defendant FERNANDEZ was behaving

4  this way, Defendant FERNANDEZ snapped back "You are a smart guy. Figure it out," or words

5  to that effect.

6       33.     In spite of Defendant FERNANDEZ's unlawful and unprofessional treatment,

7  Plaintiff continued to work to comply with the PIP. Defendant FERNANDEZ, however, refused

8  to participate in the PIP plan. Defendant FERNANDEZ did not participate in the required

9  weekly telephone calls with Plaintiff, refused to provide Plaintiff with feedback, and made clear

10  to Plaintiff that his true intent was to terminate Plaintiff once a sufficient period of time had

11  passed to make the termination appear legitimate and lawful.

12       34.     In August 2019, Defendant FERNANDEZ criticized Plaintiff's sales numbers for

13  being below the quota when, in reality, Plaintiff was the highest performing AVP that month.

14  Every AVP was below the quota referenced by Defendant FERNANDEZ, but only Plaintiff was

15  singled out.

16       35.     Plaintiff continued to try to accomplish the subjective goals outlined in the plan,

17  but was operating under severe mental strain and emotional distress. Plaintiff reached out to

18  Employer Defendants' Employee Relations Department ("ERD") for help.

19       36.     Plaintiff explained to Sue Percy, his ERD representative, that he was being

20  targeted by Defendant FERNANDEZ because of his complaints about the HIPAA violations. Ms.

21  Percy did not help Plaintiff with the situation and discouraged Plaintiff from taking the matter to

22  Human Resources.

23       37.     Thereafter, in or around September 2019, Plaintiff was attending a meeting in

24  Austin, Texas with Defendants BOETTIGER and FERNANDEZ present. During this meeting,

25  Plaintiff was shocked to learn that Defendant BOETTIGER's Executive Assistant, Defendant

26  CLINE, was being reassigned to serve as Plaintiff's Executive Assistant. Plaintiff found this

27  unusual as Defendant CLINE had worked for Defendant BOETTIGER for years and was known

28  for being his "right hand" woman.

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020 Fax: 310.205.2021

38.     Once Defendant CLINE started working for Plaintiff it became clear that she was gathering information regarding Plaintiff and providing it to Defendant BOETTIGER. This included, but was not limited to, her repeatedly discussing the PIP with Plaintiff and asking Plaintiff why he was in contact with ERD.

39.     In late-September 2019, Defendants BOETTIGER and FERNANDEZ ordered Plaintiff and the other AVPs to attempt to hire top-performing sales representatives from Employer Defendants' competitors using the competitors' confidential sales information.

40.     Plaintiff knew that Defendant BOETTIGER and FERNANDEZ's order was a compliance violation that would put Employer Defendants and Plaintiff in legal jeopardy if it were discovered.

41.     Plaintiff again refused to follow the unlawful order from Defendants FERNANDEZ and BOETTIGER, and immediately reported the situation to Ms. Percy at ERD. Ms. Percy told Plaintiff she would go to Employer Defendants' Office of Ethics and Compliance ("OEC"). Despite her assertion, Plaintiff was never contacted by, nor did he receive any other communication from, OEC.

42.     After learning of Plaintiff's conversation with Ms. Percy, Defendant FERNANDEZ immediately discontinued his "What's App" communication with Plaintiff. Defendant FERNANDEZ then had a Web Ex "meeting" with Plaintiff, the other Area AVP's and other ABBOTT personnel, during which it was made known to all at the meeting that Defendant FERNANDEZ intended to terminate Plaintiff's employment.

43.     Not knowing what else to do, Plaintiff sent a letter to Human Resources on or about October 4, 2019.

44.     Plaintiff's correspondence to Human Resources set forth the retaliation he was suffering at the hands of Defendant FERNANDEZ. Plaintiff also copied Ms. Percy on this correspondence.

45.     Ms. Percy eventually responded to Plaintiff's correspondence via a text message to him. She claimed that this was "primarily an Employee Relations matter" and that she would speak with "her boss" about it on Monday who would then call Plaintiff.

8

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020  Fax: 310.205.2022

46.     Plaintiff never received any response from Human Resources regarding the claims he set forth in his October 4, 2019 correspondence.

47.     Around this same timer, Defendant FERNANDEZ refused to speak with Plaintiff in any way, shape, or form. He ignored all of Plaintiff's calls and emails.

48.     On October 10, 2019, Ms. Percy spoke with Plaintiff by telephone. She dismissed Plaintiff's claims without explanation or any apparent investigation.

49.     The next day, on or about October 11, 2019, and a mere week after complaining to Human Resources, Plaintiff was terminated.

50.     In reality, Employer Defendants' decision to terminate Plaintiff's employment was motivated by his complaints of unlawful behavior by Employer Defendants, Defendants BOETTIGER and FERNANDEZ and other management-level employees.

51.     Beginning in or about the summer of 2019, and continuing up to the present, Plaintiff is informed and believes, and based thereon alleges, that Defendants BOETTIGER, CLINE and FERNANDEZ spoke the following words of and concerning Plaintiff without believing them to be true: (1) that Plaintiff was performing poorly with the Employer Defendants, (2) that Plaintiff was insubordinate and incompetent at work, and (3) that Plaintiff, in his professional capacity, cannot be trusted.

## FIRST CAUSE OF ACTION

### RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §1102.5

*(Against Employer Defendants and DOES 1 through 50)*

52.     Plaintiff repleads, realleges and incorporate by reference each and every allegation set forth in this Complaint.

53.     Plaintiff was at all times material hereto an employee of Employer Defendants. During the course of his employment, Plaintiff reported Defendants' violation of state and/or federal statutes, including, but not limited to, violations of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) governing appropriate safeguards to protect the privacy of personal health information, and Employer Defendants use of confidential and privileged sales information in violation of the Uniform California Uniform Trade Secret Act Cal Civ. Code

9

**COMPLAINT FOR DAMAGES**

1   §3426 *et al.* and California's Unfair Business Practices Cal. Bus. & Prof. Code § 17200 *et seq.*

2   54.   Defendants subjected Plaintiffs to a series of adverse employment actions and

3   ultimately terminated Plaintiffs. Plaintiffs' reporting of Defendants unlawful activities

4   contributed to Defendants' decision to retaliate against Plaintiff.

5   55.   As a direct and proximate result of the actions of Employer Defendants, including

6   the termination of Plaintiff's employment in violation of public policy of the state of California,

7   Plaintiff has suffered and will continue to suffer lost wages and other employment benefits,

8   whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial, in

9   addition to any other remedies and damages allowed by law.

10   56.   Defendants' conduct described herein was outrageous and executed with malice

11   and fraud, and with conscious disregard for Plaintiff's rights and further, with the intent, design

12   and purpose of injuring Plaintiff.

13   57.   Defendants authorized, condoned and/or ratified the unlawful conduct described

14   herein. As a proximate result of the actions described herein, Plaintiff is entitled to recover

15   nominal, actual, compensatory, punitive and exemplary damages in amounts to be proven at trial,

16   in addition to any other remedies and damages allowable by law.

17   <u>**SECOND CAUSE OF ACTION**</u>

18   **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

19   *(Against Employer Defendants and DOES 1 through 50)*

20   58.   Plaintiff repleads, realleges and incorporates by reference each and every

21   allegation set forth in this Complaint.

22   59.   At all times herein mentioned, California Labor Code §1102.5 was in full force

23   and effect and were binding on Defendants. This section requires Defendants to refrain from

24   retaliating against an employee for making a complaint regarding a violation or perceived

25   violation of state or federal statute, or a violation of or noncompliance with a local, state, or

26   federal rule or regulation, regardless of whether disclosing the information is part of the

27   employee's job duties.  This section states the clear public policy of the State of California

28   against unlawful retaliation against employees for such disclosures, and in favor of an

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020   Fax: 310.205.2022

1   employee's ability to report violations without fear of reprisal.

2        60.      Plaintiff believes and thereon alleges that his complaints about HIPAA violations

3   and about Employer Defendants' use of competitor's confidential sales lists were factors in

4   Defendants' decision to take adverse action against him by terminating his employment.

5        61.      Such action is in violation of the public policy of the State of California as

6   reflected in California Labor Code §1102.5 , *et seq*., and has resulted in damages and injury to

7   Plaintiff as alleged herein.

8        62.      As a proximate result of Defendants' willful, knowing and intentional wrongful

9   termination, Plaintiff has sustained and continues to sustain substantial losses in earnings and

10  other employment benefits in an amount according to proof.

11       63.      As a proximate result of Defendants' willful, knowing and intentional wrongful

12  termination, Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental

13  and physical pain and anguish, all to her damage in a sum according to proof.

14       64.      Defendants acted for the purpose of causing Plaintiff to suffer financial loss and

15  severe emotional distress and physical distress and are guilty of oppression and malice, justifying

16  an award of exemplary and punitive damages.

17       65.      Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

18  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

19  court to amend this Complaint when the amounts are more fully known.

20       66.      Plaintiff requests that injunctive relief be issued requiring Defendants to cease

21  and desist from any illegal violations of California and Federal Law.

22                          **THIRD CAUSE OF ACTION**

23                          **UNFAIR BUSINESS PRACTICES**

24              **Violation of Cal. Business and Prof. Code § 17200 *et seq.***

25                  *(Against Employer Defendants and DOES 1 through 50)*

26       67.      Plaintiff repleads, realleges and incorporates by reference each and every

27  allegation set forth in this Complaint.

28

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020 Fax: 310.205.2022

---

68.     Plaintiff is a "person" within the meaning of *California Business and Professions Code* § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly situated employees and on behalf of the general public.

69.     California Labor Code §1102.5, *et seq.*, sets forth the clear public policy of the State of California against unlawful retaliation against employees for reporting violations of California or Federal laws, and in favor of an employee's ability to report violations without fear of reprisal and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with California and Federal Law and local ordinances and statutes.

70.     Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the California Labor Code and have engaged in other unlawful and unfair business practices in violation of *California Business and Professions Code* §§ 17200 *et seq.*, depriving Plaintiff and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

71.     As a direct and proximate result of Defendants' unfair business practices, Defendants have received and continue to receive funds that rightfully belong to Plaintiff.

72.     Plaintiff is entitled to, and hereby seeks such relief as may be necessary to restore to him the funds of which Plaintiff has been deprived, by means of Defendants' unlawful and unfair business practices.

73.     Pursuant to *California Business and Professions Code* § 17203, injunctive relief is necessary to prevent Defendants from continuing to engage in unfair business practices as alleged herein. Defendants, and persons acting in concert with them, have done, are now doing, and will continue to do or cause to be done, the herein-described unlawful acts unless restrained and enjoined by this Court. The herein-described acts will cause great and irreparable damage to Plaintiff and the general public if injunctive relief is not granted.

\\\

\\\

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020  Fax: 310.205.2021

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020 Fax: 310.205.2022

## FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### Violation of California Labor Code §203

*(Against Employer Defendants and DOES 1 through 50)*

74.    Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in this Complaint.

75.    *California Labor Code* § 203 authorizes an employee to sue for penalties in an amount equal to the former employee's daily wages for up to 30 days if an employer willfully failed to pay any wages due to the employee at the time of separation from employment (or withing 72 hours if the employee tenders a resignation).

76.    Plaintiff's employment was terminated by Defendants on October 11, 2019. Defendants took ten days to issue Plaintiff any final pay checks, and the checks sent on October 21, 2019 did not explain or detail what Plaintiff was being paid for.

77.    Defendants sent Plaintiff a "termination letter" stating that although his last day of work was October 11, 2019, he would forcibly be put on a "Pay Continuation Plan" that would run out his vacation pay and holiday pay.

78.    Defendants' failure to pay Plaintiff's vacation and holiday pay at the time of his termination was willful and warrants the imposition of the thirty-day wage penalty.

79.    In addition, Plaintiff is entitled by statute to recover reasonable attorneys' fees, costs of suit, and interest on the unpaid amounts pursuant to *California Labor Code* § 218.5 and other applicable *Labor Code* sections.

## FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Against All Defendants and DOES 1 through 50)*

80.    Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in this Complaint.

81.    Through the outrageous and discriminatory conduct described herein, Defendants and each of them, acted with intent to cause or with reckless disregard for the probability of

13

1   causing Plaintiff to suffer severe emotional distress, including but not limited to fright,

2   nervousness, grief, anxiety, worry, shock, humiliation, and indignity, as well as physical pain.

3       82.     As a proximate result of Defendants' intentional infliction of emotional distress

4   Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained

5   and continues to sustain substantial losses in earnings and other employment benefits in an

6   amount according to proof.

7       83.     As a proximate result of Defendants' intentional infliction of emotional distress,

8   Plaintiff has suffered and continues to suffer severe emotional distress, including but not limited

9   to fright, nervousness, grief, anxiety, worry, shock, humiliation, and indignity, as well as physical

10  pain.

11      84.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer

12  financial loss and severe emotional distress and physical distress and are guilty of oppression and

13  malice, justifying an award of exemplary and punitive damages.

14      85.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

15  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

16  court to amend this Complaint when the amounts are more fully known.

17                          **SIXTH CAUSE OF ACTION**

18                               **DEFAMATION**

19                    *(Against All Defendants and DOES 1 through 50)*

20      86.     Plaintiff repleads, realleges and incorporates by reference each and every

21  allegation set forth in this Complaint.

22      87.     Beginning in or around the summer of 2019, and continuing up to the present,

23  Plaintiff is informed and believes, and based thereon alleges, that Defendants spoke the following

24  words of and concerning Plaintiff without believing them to be true: (1) that Plaintiff was

25  performing poorly with the Employer Defendants, (2) that Plaintiff was insubordinate and

26  incompetent at work, and (3) that Plaintiff, in his professional capacity, cannot be trusted.

27      88.     The publications of these statements were motivated by hatred or ill will toward

28  Plaintiff.

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
T: Tel: 310.205.2020 Fax: 310.205.2022

89.     Defendants and each of them published or caused to be published such false statements to punish Plaintiff for his complaints about Defendant's illegal practices and conduct in violation of California and Federal laws as described herein. In so speaking, Defendants were motivated by discriminatory animus. Defendants acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress. Defendants are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

90.     The statements were false as they pertain to Plaintiff.

91.     These statements were made by management-level employees of Employer Defendants, including, but not limited to, Defendants FERNANDEZ, CLINE and BOETTIGER, and each of them.

92.     These statements were slanderous per se in that they accuse Plaintiff of incompetence in his profession.

93.     These statements were heard by persons in and around the United States, including, but not limited to, Plaintiff's former co-workers and other members in the profession.

94.     As a proximate result of the herein-described publications, Plaintiff has suffered loss of reputation, shame, mortification and hurt feelings, all to his general damage in a sum to be proven at time of trial.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For compensatory damages, according to proof;

2.     For statutory penalties, as set forth in this Complaint;

3.     For restitution as described in the claim for relief under Business and Professions Code Sections 17200 *et. seq.*;

4.     For permanent injunctive and declaratory relief described in the claim for relief under Business & Professions Code Section 17200 *et. seq.*;

5.     For mental and emotional distress damages;

6.     For interest on the sum of damages awarded, calculated from the date said discrimination began to the date of Judgment;

15
**COMPLAINT FOR DAMAGES**

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020 Fax: 310.205.2022

7.    For reasonable attorneys' fees;

8.    For punitive damages;

9.    For equitable and/or injunctive relief;

10.   For costs of suit herein incurred; and

11.   For such other and further relief as the Court deems proper.

DATED: February 28, 2020          LAW OFFICES OF LAUREN ABRAMS

*Lauren Abrams*

By:_____
Lauren Mayo-Abrams
Attorney for Plaintiff
KIP THENO

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

DATED: February 28, 2020          LAW OFFICES OF LAUREN ABRAMS

*Lauren Abrams*

By:_____
Lauren Mayo-Abrams
Attorney for Plaintiff
KIP THENO

Law Offices of Lauren Abrams
A Professional Law Corporation
301 N. Canon Drive Suite 220
Beverly Hills, CA 90210
Tel: 310.205.2020 Fax: 310.205.2022

16

Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2020 02:51 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lauren Mayo-Abrams (SBN 193315); Steven R. Diaz (SBN 278666)<br>LAW OFFICES OF LAUREN ABRAMS<br>301 N. Canon Drive, Suite 220<br>Beverly Hills, CA 90210<br>TELEPHONE NO.: 310-205-2020   FAX NO.: 310-205-2022<br>ATTORNEY FOR *(Name):* Plaintiff Jennifer Medvin | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CASE NAME:
Theno v. Abbott Laboratories, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV08597<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 28, 2020
Lauren Mayo-Abrams, Esq.
_(TYPE OR PRINT NAME)_                                            *Lauren Abrams*
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**

| SHORT TITLE: Theno v. Abbott Laboratories, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all now civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

|   | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Theno v. Abbott Laboratories, et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, ②, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Theno v. Abbott Laboratories, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Theno v. Abbott Laboratories, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>□ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11. | ADDRESS:<br><br>15900 Valley View Ct |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>91342 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___February 28, 2020___

*Lauren Abrams*
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/28/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV08597 |

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Lia  Martin | 16 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on <u>03/04/2020</u>              By <u>N. Alvarez</u>        , Deputy Clerk
   (Date)

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
                           )
                           )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6)  TECHNICAL REQUIREMENTS

   a)  Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b)  The table of contents for any filing must be bookmarked.

   c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

      i)  Depositions;

      ii)  Declarations;

      iii)  Exhibits (including exhibits to declarations);

      iv)  Transcripts (including excerpts within transcripts);

      v)  Points and Authorities;

      vi)  Citations; and

      vii)  Supporting Briefs.

   e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f)  Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

   g)  Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1)  SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California

Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

Division of the Los Angeles County Superior Court.

      This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◇

◇**Consumer Attorneys Association of Los Angeles**◇

◇**Southern California Defense Counsel**◇

◇**Association of Business Trial Lawyers**◇

◇**California Employment Lawyers Association**◇

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| RAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          >_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          >_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____          >_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____          >_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____          >_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____          >_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____          >_____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a Resource List Mediation for mediation at reduced cost or no cost (for selected cases)

ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
Only MCLA provides mediation in person, by phone and by videoconference

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
Small claims, unlawful detainers (evictions), and, at the Spring Street courthouse, limited civil.
Free "day of trial" mediations at the courthouse. No appointment needed.
Free or low cost mediations before the day of trial.
For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>**LAUREN ABRAMS SBN 193315**<br>**LAUREN MAYO-ABRAMS, ATTORNEY AT LAW**<br>**301 N. CANON DR. #220**<br>**BEVERLY HILLS, CA 90210**<br>TELEPHONE NO.: **(310) 205-2020**          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: **lauren@employeerightslaw.com**<br>ATTORNEY FOR *(Name)*:    **Plaintiff** | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)<br>    STREET ADDRESS:  111 N Hill S<br>    MAILING ADDRESS:  111 N Hill S<br>    CITY AND ZIP CODE:  Los Angeles, CA 90012<br>    BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) |
|---|

| PLAINTIFF/PETITIONER:  Kip Theno<br>DEFENDANT/RESPONDENT:  Abbott Laboratories | CASE NUMBER:<br>20STCV08597 |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>ABRAMS |

(Separate proof of service is required for each party served.)

1.  At the time of service I was at least 18 years of age and not a party to this action.

# BY FAX

2.  I served copies of: ***Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; First Amended General Order; Voluntary Efficient Litigation Stipulations; Alternative Dispute Resolution (ADR) Information Package;***

3.  a.  Party served *(specify name of party as shown on documents served)*:
       ***Abbott Laboratories, a Illinois Corporation***

    b.  [ ✗ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
       ***CT Corporation registered agent by leaving with Gabriela Sanchez   (Gender: Female Age: 28 Height: 5'6 Weight: 160 Race: Hispanic Hair: Black Other: Brown eyes)***
       ***Person Authorized to Accept Service***

4.  Address where the party was served: ***818 W 7th St Ste 930  Los Angeles, CA 90017***

5.  I served the party *(check proper box)*
    a.  [ ✗ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **4/29/2020** (2) at: **10:57 AM**
    b.  [  ]  **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [  ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [  ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [  ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Invoice # 3544384 |
|---|---|---|

| PLAINTIFF/PETITIONER: Kip Theno | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Abbott Laboratories | 20STCV08597 |

(4)  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
        on:       from:     **or**   a declaration of mailing is attached.

(5)  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on:       (2)  from:

(3)  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4)  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a.  ☐  as an individual defendant.
b.  ☐  as the person sued under the fictitious name of *(specify):*
c.  ☐  as occupant.
d.  ☒  On behalf of *(specify):* **Abbott Laboratories, a Illinois Corporation**
under the following Code of Civil Procedure section:

☒ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                      ☐ other:

7.  **Person who served papers**
a.  Name: **Jesus Galindo**
b.  Address: **1545 Wilshire Blvd.  Suite 311, Los Angeles, CA 90017**
c.  Telephone number: **213-628-6338**
d.  **The fee** for service was: **$175.00**
e.  I am:
(1)  ☐  not a registered California process server.
(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
(3)  ☒  a registered California process server:
    (i)  ☐ owner  ☒ employee  ☐ independent contractor.
    (ii)  Registration No.: **6700**
    (iii)  County: **Los Angeles**

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

**Jesus Galindo**    Date: **04/29/2020**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **LAUREN ABRAMS SBN 193315**<br>**LAUREN MAYO-ABRAMS, ATTORNEY AT LAW**<br>**301 N. CANON DR. #220**<br>**BEVERLY HILLS, CA 90210**<br>TELEPHONE NO.:  **(310) 205-2020**          FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):* lauren@employeerightslaw.com<br>ATTORNEY FOR *(Name):*      **Plaintiff** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)**
    STREET ADDRESS:  111 N Hill S
    MAILING ADDRESS:  111 N Hill S
    CITY AND ZIP CODE:  Los Angeles, CA 90012
    BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Kip Theno | CASE NUMBER:<br>20STCV08597 |
| DEFENDANT/RESPONDENT:  Abbott Laboratories | |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>ABRAMS |

(Separate proof of service is required for each party served.)

**BY FAX**

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of:  ***Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case; Voluntary Efficient Litigation Stipulations Packet;  Alternative Dispute Resolution (ADR) Information Package; First Amended General Order Re Mandatory Electronic Filing For Civil;***

3.    a.  Party served *(specify name of party as shown on documents served):*
        ***ST. JUDE MEDICAL S.C., INC., a Minnesota Corporation***

      b.  [ X ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        ***CT Corporation registered agent by leaving with Albert Damonte   (Gender: Male Age: 28 Height: 5'11 Weight: 170 Race: Hispanic Hair: Brown Other: Brown eyes)***
        ***Person Authorized to Accept Service***

4.    Address where the party was served: ***818 W 7th St Ste 930  Los Angeles, CA 90017***

5.    I served the party *(check proper box)*

      a.  [ X ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **4/30/2020** (2) at: **09:36 AM**

      b.  [ ]  **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

          (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

          (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

          (3)  [ ]  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

Page 1 of 2

| | | |
|---|---|---|
| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | **Invoice # 3546460-01** |

| PLAINTIFF/PETITIONER: Kip Theno | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Abbott Laboratories | 20STCV08597 |

      (4)     I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
             *on:*        *from:*      **or**    a declaration of mailing is attached.

      (5)     I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c.  [ ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) *on:*                  (2) *from:*

      (3)     with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

      (4)     to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

      [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [ ]  as an individual defendant.
  b.  [ ]  as the person sued under the fictitious name of *(specify):*
  c.  [ ]  as occupant.
  d.  [X]  On behalf of *(specify):* **ST. JUDE MEDICAL S.C., INC., a Minnesota Corporation**
      under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  **Person who served papers**
  a.  Name: **Jesus Galindo**
  b.  Address: **1545 Wilshire Blvd.  Suite 311, Los Angeles, CA 90017**
  c.  Telephone number: **213-628-6338**
  d.  **The fee** for service was: **$135.00**
  e.  I am:
    (1)  [ ]  not a registered California process server.
    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
    (3)  [X]  a registered California process server:
      (i)  [ ] owner  [X] employee  [ ] independent contractor.
      (ii)  Registration No.: **6700**
      (iii)  County: **Los Angeles**

8.  [X]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

Jesus Galindo        Date: **04/30/2020**

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>**LAUREN ABRAMS SBN 193315**<br>**LAUREN MAYO-ABRAMS, ATTORNEY AT LAW**<br>**301 N. CANON DR. #220**<br>**BEVERLY HILLS, CA 90210**<br>TELEPHONE NO.: **(310) 205-2020**          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* **lauren@employeerightslaw.com**<br>ATTORNEY FOR *(Name)*:          **Plaintiff** | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)**<br>    STREET ADDRESS: 111 N Hill S<br>    MAILING ADDRESS: 111 N Hill S<br>    CITY AND ZIP CODE: Los Angeles, CA 90012<br>        BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Kip Theno<br>DEFENDANT/RESPONDENT:  Abbott Laboratories | CASE NUMBER:<br>20STCV08597 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>ABRAMS |

*(Separate proof of service is required for each party served.)*

1.    At the time of service I was at least 18 years of age and not a party to this action.

## BY FAX

2.    I served copies of: ***Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case; Voluntary Efficient Litigation Stipulations Packet;  Alternative Dispute Resolution (ADR) Information Package; First Amended General Order Re Mandatory Electronic Filing For Civil;***

3.    a. Party served *(specify name of party as shown on documents served):*
      ***ST. JUDE MEDICAL, INC., a Minnesota Corporation***

      b.  [ ✗ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      ***CT Corporation registered agent by leaving with Albert Damonte   (Gender: Male Age: 28 Height: 5'11 Weight: 170 Race: Hispanic Hair: Brown Other: Brown eyes)***
      ***Person Authorized to Accept Service***

4.    Address where the party was served: ***818 W 7th St Ste 930  Los Angeles, CA 90017***

5.    I served the party *(check proper box)*

      a.  [ ✗ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **4/30/2020** (2) at: **09:36 AM**
      b.  [  ]  **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

            (1) [   ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

            (2) [   ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

            (3) [   ]  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

Page 1 of 2

| | | |
|---|---|---|
| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | |

Invoice # 3546460-02

| PLAINTIFF/PETITIONER: Kip Theno | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Abbott Laboratories | 20STCV08597 |

(4)   ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
   *on:*          *from:*          **or** ☐ a declaration of mailing is attached.

(5)   ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) *on:*                    (2) *from:*

(3)   ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4)   ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.   ☐   **by other means** *(specify means of service and authorizing code section):*

☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
a.   ☐   as an individual defendant.
b.   ☐   as the person sued under the fictitious name of *(specify):*
c.   ☐   as occupant.
d.   ☒   On behalf of *(specify):* **ST. JUDE MEDICAL, INC., a Minnesota Corporation**
under the following Code of Civil Procedure section:

☒ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)          ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)          ☐ 416.90 (authorized person)
☐ 416.50 (public entity)          ☐ 415.46 (occupant)
          ☐ other:

7.   **Person who served papers**
a.   Name: **Jesus Galindo**
b.   Address: **1545 Wilshire Blvd.  Suite 311, Los Angeles, CA 90017**
c.   Telephone number: **213-628-6338**
d.   **The fee** for service was: **$45.00**
e.   I am:
   (1)   ☐ not a registered California process server.
   (2)   ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3)   ☒ a registered California process server:
      (i)   ☐ owner   ☒ employee   ☐ independent contractor.
      (ii)   Registration No.: **6700**
      (iii)   County: **Los Angeles**

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

Jesus Galindo                    Date: **04/30/2020**